■ BARBARA KELEMAN, Appellant, v QUINTON FITNESS EQUIP-MENT, INC., et al., Respondents, et al., Defendants. [805 NYS2d 82]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered July 12, 2005, which, in an action for personal injuries sustained when plaintiff fell off a treadmill, granted plaintiff's motion for a further deposition of defendants manufacturer's representative on condition that plaintiff's attorney pay the reasonable costs of producing him in New York, not to exceed $2,500, and granted defendants manufacturer's and retailer's cross motion to, inter alia, compel plaintiff to answer questions concerning certain preexisting medical conditions, unanimously affirmed, without costs.

Plaintiff alleges that the treadmill was improperly designed in that its control panel was configured in a way that permitted an inadvertent activation of the speed accelerator. While she claims only a fractured ankle and aggravation of a preexisting back condition as a result of her fall off the treadmill, her preexisting

multiple sclerosis, vision problems and neurological deficits are plainly relevant to issues of causation. Plaintiff's multiple sclerosis/osteoporosis may have affected her ability to ambulate, as indicated by the medical records she did release, and her vision issues and neurological deficits may have affected her eye-hand coordination and ability to operate the treadmill's control panel safely. To the extent plaintiff's theory of causation does not itself constitute a waiver of the physician-patient privilege applicable to such conditions, the privilege was waived by plaintiff's release of medical records that repeatedly referred to such conditions in the treatment that plaintiff received for her ankle and back (*see Hughson v St. Francis Hosp. of Port Jervis*, 93 AD2d 491, 500 [1983]). The motion court also properly conditioned its granting of plaintiff's motion for a further deposition of the manufacturer's representative upon her attorney's payment of the reasonable travel and lodging expenses associated with a second deposition (CPLR 3103), as it was necessitated largely by the attorney's failure to demand plainly relevant documents from the manufacturer before the first deposition. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.